THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JACOB BURDICK,<br><br>　　　　　　Defendant. | CASE NO. CR11-0120-JCC-18<br><br>ORDER |

This matter comes before the Court on Defendant Jacob Burdick's motion for early termination of supervised release. (Dkt. No. 1272.) Having thoroughly considered the briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

In March 2012, the Court sentenced Mr. Burdick to 144 months' imprisonment and five years of supervised release for conspiracy to distribute controlled substances and conspiracy to commit money laundering. (Dkt. No. 649 at 2.) Mr. Burdick later moved, *pro se*, to reduce his sentence—a request which the Court denied. (*See* Dkt. Nos. 1149, 1154.) Mr. Burdick has since been released and begun his term of supervision. (*See* Dkt. Nos. 1272, 1275.)

In now moving for early termination of supervised release, Defense counsel characterizes Mr. Burdick as substantially compliant with the terms of his supervised release, which counsel

depicts as largely uneventful. (*See* Dkt. No. 1272 at 1.) [1] This characterization predates recent allegations of a ███████████████████████████████████. (*See* Dkt. No. 1275.) For the reasons described below, the Court concludes that early termination is not warranted at this time.

After a defendant serves a year of supervised release, the Court may terminate the remainder if the defendant's conduct warrants early termination and it is in the interest of justice. 18 U.S.C. § 3583(e)(1). To decide whether early termination is appropriate, the Court considers several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct, the need to protect the public from further crimes, and the need to avoid disparity among similarly situated defendants. *United States v. Emmett*, 749 F.3d 817, 820 (9th Cir. 2014); *see* 18 U.S.C. § 3583(e) (citing to factors listed in 18 U.S.C. § 3553(a)). Compliance with supervision is an expected milestone and does not nullify continued supervision. *See United States v. Molina*, 2021 WL 915140, slip op. at 1 (W.D. Wash. 2021); *see also United States v. Grossi*, 2011 WL 704364, slip op. at 2 (N.D. Cal. 2011) (reasoning that a defendant must demonstrate exceptional or changed circumstances to warrant early termination).

Here, the 18 U.S.C. § 3553(a) factors, on balance, do not support early termination. Admittedly, Mr. Burdick's post-release pro-social lifestyle suggests personal development. (*See* Dkt. No. 1272 at 3.) But this development is clouded by the recent allegations. (*See* Dkt. No. 1275.) This alleged conduct is particularly concerning, given the nature of Mr. Burdick's underlying crime. *See* PSR at 7–17. This counsels against early termination, as does his criminal history. *Id.* Moreover, early termination in this instance would result in unwanted sentencing

---

[1] In moving for early termination, Mr. Burdick notes that his base offense level would have been lower given Amendments 782 to the United States Guidelines. (Dkt. No. 1272 at 2.); *see also* PSR at 13. This is an argument better made in a motion to reduce sentence, which this Court previously addressed. (*See* Dkt. Nos. 1149, 1154.)

ORDER
CR11-0120-JCC-18
PAGE - 2

disparities.[2]

For these and other reasons, Defendant's motion for early termination of supervised release (Dkt. No. 1272) is DENIED. The Court encourages Defendant to renew his request once he completes a more significant period of supervised release without further violations.

DATED this 1st day of October 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] While the Court granted early termination for several of Mr. Burdick's co-Defendants, each was a lesser player in the conspiracy. (*See* Dkt. Nos. 1078, 1159, 1163, 1169, 1176, 1182, 1257, 1262.)